UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON,

    Plaintiff,

vs.

CAROLYN W. COLVIN, acting
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:12-cv-977

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff James Johnson filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. See 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

Plaintiff filed his current[1] applications for Disability Insurance Benefits ("DIB") benefits and Supplemental Security Income (SSI) benefits in November 2008, alleging a disability onset date of February 1, 2008 due to physical and mental impairments. After

---

[1] Plaintiff has filed a number of previous claims for disability benefits. Administrative Law Judge Custis issued a decision on February 20, 2004, in which he found Plaintiff limited to a range of sedentary work (lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk at least 2 hours; sit 6 hours; never balance; and only occasionally climb, kneel, crouch, crawl, and stoop) (Tr. 83-96). Judge Custis concluded that Plaintiff was unable to perform his past relevant work, but that there were other jobs available in significant numbers which he could perform (Tr. 92). In December 2006, ALJ Rodner issued a decision in which he dismissed Plaintiff's request for hearing, at the request of Plaintiff and his counsel (Tr. 97-99). Custis' decision was the most recent ALJ decision to provide an RFC prior to the current claims for benefits, his decision is binding unless there is new and material evidence relevant to the RFC finding. See *Drummond v. Comm'r. of Soc. Sec.*, 126 F.3d 837 (6th Cir.1997).

Plaintiff's application was denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing was held in July 2011, at which Plaintiff was represented by counsel. At the hearing, ALJ Kenneth Wilson heard testimony from Plaintiff and an impartial vocational expert, Robert Breslin. On August 26, 2011, the ALJ denied Plaintiff's applications in a written decision. (Tr. 10-24). Plaintiff now seeks review of the ALJ's decision.

Plaintiff alleges disability based upon depressive disorder, borderline intellectual functioning, vision problems, grand mal seizures causing intermittent partial paralysis, residuals following an open reduction internal fixation of a fracture of his left femur, and right knee pain. Notably, Plaintiff suffered a closed head injury from a car accident in 1981, which manifested into a seizure disorder and severe headaches. Plaintiff takes medication that he alleges makes him drowsy and therefore unable to sustain gainful employment.

The record reflects that Plaintiff was 48 years old on his alleged disability onset date and has a limited education. He has past relevant work as a dishwasher, truck operator, laborer and cleaner. (Tr. 23). Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff has the following severe impairments: "depressive disorder, borderline intellectual functioning, status post open reduction internal fracture of the left femur, right knee pain and low back pain." (Tr. 13). The ALJ determined that none of Plaintiff's impairments alone, or in combination, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Rather, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work, described as follows:

> He is limited to occasional balancing, stooping, kneeling, crouching, crawling,

> and climbing ramps and stairs; never climbing ladders, ropes, and scaffolds; avoiding concentrated exposure to hazards; the opportunity to alternate between sitting and standing approximately three times out of a workday to relieve pain; and simple, routine tasks in a static environment that does not require fast paced production quotas.

(Tr. 18).

Based upon the record as a whole, including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while Plaintiff is unable to perform his past relevant work, other jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-24). Such jobs include, deli attendant, cleaner (housekeeping) and light packer. (Tr. 24). The ALJ determined that Plaintiff was not under disability, as defined in the Social Security Regulations, and not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) determining there was new and material evidence, which warranted deviating from the prior ALJ's findings; and (2) improperly evaluating Plaintiff's credibility. Upon close inspection, the undersigned finds that Plaintiff's assignments are not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of*

*New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner

determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is Substantially Supported and should be Affirmed**

*1. ALJ's Application of Drummond v. Commissioner*

Plaintiff contends that the ALJ erred, under *Drummond v. Comm'r. of Soc.* Sec., 126 F.3d 837 (6th Cir.1997), by failing to accept ALJ Custis' prior determination that Plaintiff was capable of performing a range of sedentary work. The United States Court of Appeals for the Sixth Circuit held in *Drummond*, "the principles of *res judicata* can be applied against the Commissioner. When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed

circumstances." *Id.* at 842 (citations omitted). "Absent evidence of improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.*

After *Drummond*, the Commissioner issued an Acquiescence Ruling mandating ALJs in Ohio (and other states within the Sixth Circuit) to follow *Drummond* by applying res judicata to a prior assessment of a claimant's residual functional capacity and other prior findings made as part of a sequential evaluation. The Acquiescence Ruling explained:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law....

AR 98–4(6), 1998 WL 283902 at *3 (June 1, 1998). Thus, under *Drummond*, "the burden is on the Commissioner to prove changed circumstances and therefore escape the principles of *res judicata*." *Id.* at 843.

As noted above, in regard to his prior application for benefits, ALJ Custis issued a decision on February 20, 2004, finding that Plaintiff was limited to a range of sedentary work (lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk at least 2 hours; sit 6 hours; never balance; and only occasionally climb, kneel, crouch, crawl, and stoop). (Tr. 83-96). ALJ Custis concluded that Plaintiff was unable to perform his past relevant work, but that there were other jobs available in significant numbers which he could perform. (Tr. 92).

The current ALJ, however, relied on new evidence after the February 2004 decision to reach his decision that Plaintiff's condition had changed, and therefore, he was not bound by the earlier ALJ's findings. See *Drummond*, 126 F.3d at 842. Notably, the previous ALJ

6

found Plaintiff could perform sedentary work with several postural and mental limitations. (Tr. 88-90). In his August 2011 decision, the current ALJ found Plaintiff could perform light work that allowed for occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs; never climbing ladders, ropes, and scaffolds; avoiding concentrated exposure to hazards; the opportunity to alternate between sitting and standing approximately three times out of a workday to relieve pain; and simple, routine tasks in a static environment that does not require fast paced production quotas. (Tr. 18). In reaching this conclusion, the current ALJ properly found that the record contained new and material evidence that documented improvement in Plaintiff's condition. (Tr. 11). Specifically, the ALJ noted that since the 2004 decision, Plaintiff worked as a dishwasher and a laborer, which is medium work according to the vocational expert. (Tr. 11, 74-76, 308). The ALJ further noted that Plaintiff admitting lifting 100 pounds, as well as working in positions that required 8 hours of standing and walking. (Tr. 11). In addition, there was also new medical evidence that ALJ Wilson considered whish is discussed in more detail below.

Plaintiff now argues that his performance of such jobs can only constitute new and material evidence or changed crcumstances if Plaintiff performed those jobs long enough to constitute substantial gainful activity, as defined by social security regulations.[2] Notably,

---

[2] According to 20 CFR § 404.1572, substantial gainful activity ("SGA") is work activity that is both substantial and gainful:

> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

*Id.*

Plaintiff worked as a dishwasher once for five months from 2005-2006, and once from November 2008 to at least January 2009. (Tr. 242, 257). Plaintiff also worked as a "stores laborer," intermittently, from 2005 to 2008. (Tr. 308). Plaintiff's earnings record shows that in 2008 and 2009, Plaintiff worked for Frisch's, earning $701.23 in 2008 and $663.37 in 2009. (Tr. 193). Plaintiff asserts that he did not work at any of these jobs long enough to be considered past relevant work. Thus, Plaintiff contends that there have been no significant changes in his medical condition which would change his ability to work. As such, Plaintiff argues that ALJ Wilson erred in holding that he was entitled to vary from ALJ Custis' prior opinion. Had the previous decision been afforded controlling weight, at the age of 50 and with the limitation to sedentary work, Plaintiff asserts he would have been found disabled under the Medical-Vocational Guidelines. For the reasons explained below, Plaintiff's assertions are unavailing.

Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Evidence is considered "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (internal quotation marks omitted). The ALJ is not required to articulate each and every piece of evidence that was "new and material." Neither *Drummond* nor AR 96-(6) contain any formalistic requirements. Rather, so long as substantial evidence supports the current ALJ's conclusion that new and material evidence

---

Additionally, 20 C.F.R. § 404.1574(c), states that ordinarily, work which a person has performed will not show that the person is able to perform SGA if, after working for a period of 6 months or less, the person's impairment forced the person to stop working or to reduce the amount of work done so that the person's earnings from such work fall below the SGA earnings level.

8

requires revision of the previous residual functional capacity the Court should affirm the ALJ's decision. *See Williams v. Astrue*, 2010 WL 503140 (E.D. Tenn. Feb.8, 2010) (failure to expressly point out which evidence was relied on was not error, where ALJ discussed evidence post-dating prior ALJ's opinion); *Chandler v. Commissioner of Soc. Sec.*, 124 Fed. Appx. 355 (6th Cir. 2005) (substantial evidence supported ALJ's change in Plaintiff's RFC).

Here, the ALJ properly considered whether the record contains new and material evidence of improvement. In addition to the fact that Plaintiff's performed work at the medium level after February 2004, the ALJ's decision also indicates that he considered the medical and opinion evidence of record as evidence of Plaintiff's improvement. Notably, in May 2010, Dr. Bailey, a consultative examiner, opined that Plaintiff was capable of performing at least a mild amount of ambulating, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects. (Tr. 437-44).

The ALJ also gave great weight to the June 2010 opinion of Dr. Eli Perencevich, a state agency medical examiner. Dr. Perencevich opined that the new record included evidence of new and material changes, and thus, he did not adopt the prior ALJ's RFC. (Tr. 21, 463-71). Specifically, Dr. Perencevich noted that he looked at the prior ALJ's finding but did not adopt it because Plaintiff was now alleging back and knee problems which have been assessed. (Tr. 468). Dr. Perencevich opined that Plaintiff retained the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk at about 6 hours in an 8-hour workday; sit for about 6 hours in and 8-hour workday; occasionally balance, stoop, kneel, crouch, crawl, or climb ramps and stairs; never climb ladders, ropes or scaffolds; and avoid concentrated exposure to hazards. (Tr. 464-67). The ALJ determined that Dr. Perencevich's opinion was supported by the record, was not contradicted by any

treating source, and it was generally consistent with those offered by the consulting examiners. (Tr. 21).

Notably, Plaintiff does not dispute Dr. Perencevich's findings nor object to the weight assigned to his opinions by the ALJ. Plaintiff does not deny that he performed the jobs described above and/or that he was capable of the functional limitations associated with such jobs. As such, the undersigned agrees with the Commissioner's assertion that the fact that he worked at jobs at the medium level of exertion does constitute changed circumstances, which the ALJ could properly consider. Moreover, Plaintiff fails to cite any relevant case law or regulatory authority establishing that the performance of work activity must constitute "gainful work activity" as defined by the regulations, to qualify as new and material evidence in order to negate res judicata of a prior decision.

Here, as detailed above, it is evident that the ALJ adequately identified new and material evidence of improvement sufficient to overcome the *res judicata* effect of the prior determination that Plaintiff was capable of performing only sedentary work. Accordingly, Plaintiff's first assignment of error should be overruled.

### 2. ALJ's Credibility Assessment

Plaintiff's next assignment of error asserts that the ALJ's credibility determination, at least in part, is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ's focus on certain statements were illogical and irrelevant. In this regard, Plaintiff claims the ALJ did not accurately account for his statements regarding his vision and ability to watch television, his reported weakness in his arm and partial paralysis, and his ability to have relations with his "lady friends." Plaintiff's assertions fail to establish that the ALJ's credibility finding, as a whole, is not supported by substantial evidence.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS*, 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or

11

other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240–41 (6th Cir.2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d at 392.

Considering the record as a whole, substantial evidence supports the ALJ's credibility assessment. The undersigned recognizes that the extent that Plaintiff engages in sexual activity and has many "lady friends" may not constitute sufficient evidence to discredit Plaintiff's allegations of disabling pain. The ALJ, however, considered numerous other factors in making his credibility determination. Notably, the ALJ's decision indicates the considered the medical evidence, including Plaintiff's conservative treatment history;

12

Plaintiff's daily activities , and Plaintiff's inconsistent statements about his drug and alcohol use.  *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).  As detailed above, medical evidence of record fails to support Plaintiff complaints of disability.

In light of the foregoing ,the undersigned finds that the ALJ properly considered the factors outlined in SSR 96-7p in assessing Plaintiff's credibility.  As such, his decision is substantivally supported in this regard.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                                           *s/Stephanie K. Bowman*
                                                           Stephanie K. Bowman
                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON,

    Plaintiff,

vs.

CAROLYN W. COLVIN, acting
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:12-cv-977

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14